**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RODNEY JEROME WALLER,** § | | |
| **#48189-177,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:16-CV-3069-M-BK |
| § | | (3:14-CR-0010-M-1) |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. 636(b) and Special Order 3, Petitioner's *pro se* motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for judicial screening. For the reasons that follow, it is recommended that this successive section 2255 motion be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I.  BACKGROUND**

In 2014, Petitioner pled guilty to possession of a firearm following a felony conviction and possession of a controlled substance with intent to distribute, and was sentenced under the Armed Career Criminal Act (ACCA) (based on three prior Texas drug convictions) to 188 months' imprisonment and a three-year term of supervised release. Crim. Doc. 68. He did not appeal and, in 2015, he filed his first section 2255 motion, which this Court summarily dismissed. *United States v. Waller*, No. 3:15-CV-3816-M-BK, 2016 WL 1165992 (N.D. Tex. Feb. 22, 2016), *recommendation accepted*, 2016 WL 1223269 (N.D. Tex. Mar. 23, 2016).

Now, Petitioner, proceeding *pro se*, challenges his sentence as unconstitutional under the holdings of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015)*, Mathis v. United*

*States,* \_\_\_ U.S. \_\_\_, 136 S. Ct. 2243 (2016)*,* and *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016). Doc. 2 at 8, 10-12, 20. Specifically, he claims that his prior Texas drug convictions do not qualify as serious drug offenses under the ACCA. *Id.*

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*). Before a petitioner may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, even assuming Petitioner's claim has merit, the Court of Appeals has not issued an order authorizing the Court to consider the successive section 2255 motion. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction,

this section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the successive section 2255 motion be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

SIGNED November 7, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE